UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| IN RE | ) | Bankruptcy Case |
| | ) | No. 05-75074-fra7 |
| JONATHAN H. McUNE and | ) | |
| KATHERINE N. McUNE, | ) | |
| | ) | MEMORANDUM OPINION |
| Debtors. | ) | |

BACKGROUND

Debtors filed bankruptcy under chapter 7 on December 23, 2005, after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). The United States Trustee(UST)reviewed Debtors' filing and determined that, while a presumption of abuse pursuant to 11 U.S.C. § 707(b)(2)[1] did not

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated after the effective date (October 17,
(continued...)

MEMORANDUM OPINION - 1

arise, the case should nonetheless be dismissed pursuant to § 707(b)(3) based on the "totality of the circumstances" of Debtors' financial situation and upon the UST's assertion that the case was filed in bad faith.

In considering the totality of the circumstances, the UST argued that based on the income and expense figures supplied by Debtors' Schedules I and J, and after making appropriate adjustments to those numbers, the Debtors have the ability to make a substantial effort to fund a chapter 13 plan of reorganization.

Debtors counter that Congress, in passing BAPCPA, created a separate and distinct financial test in § 707(b)(2) which precludes consideration of the same financial issues elsewhere as part of the court's review of the totality of circumstances. As this issue must be resolved before the other factors involved in the UST's motion to dismiss may be considered, I will treat the matter as if the parties have filed cross-motions for partial summary judgment on this issue of law.

## ISSUE

Where the presumption of abuse does not arise under § 707(b)(2), may the court nonetheless consider the debtor's ability to fund a chapter 13 plan of reorganization as part of a

---

[1](...continued)
2005) of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, Apr. 20, 2005, 119 Stat. 23.

MEMORANDUM OPINION - 2

motion to dismiss under § 707(b)(3), based on the totality of the circumstances of debtor's financial situation?

DISCUSSION

Section 707(b)(1) provides that the court may dismiss or convert a case filed under chapter 7 by an individual with primarily consumer debts if it finds that the granting of relief would constitute an abuse of the provisions of the chapter. Section 707(b)(2) creates a presumption that abuse exists when the debtor's income is greater than the median income for his household size in his domiciliary state and his income less applicable expenses (as calculated pursuant to uniform standards) is sufficient to pay over a 60 month period at least the lesser of (1) the greater of 25% of debtor's nonpriority unsecured claims or $6,000, or (2) $10,000.

If a presumption of abuse does not arise pursuant to § 707(b)(2), the court is instructed in considering whether an abuse exists under § 707(b)(1) to consider: "(A) whether the debtor filed the petition in bad faith; or (B)[if] the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse." Section 707(b)(3).

Debtors argue that because the "means test" of § 707(b)(2) "ferrets out" a debtor's ability to pay his claims, a consideration of the ability to pay as part of § 707(b)(3)(B) would render the means test meaningless. I don't agree. As the

MEMORANDUM OPINION - 3

court stated in In re Pak[2]: what could be more central to a debtor's financial situation that his income and expenses?

Section 707, while certainly cumbersome, is internally consistent. The means test of § 707(b)(2) provides a more or less bright line: if the debtor fails to satisfy the criteria of that provision he may not seek relief under chapter 7. On the other hand, if he does meet those criteria, he is nevertheless subject to a generalized review, including consideration of his finances. Taken as a whole, § 707 precludes the court from permitting the debtor to liquidate under chapter 7 when there is an ability to pay, even when other relevant factors may favor liquidation. I also agree with the UST that § 707(b)(3) permits a generalized review of a debtor's finances, as well as of other circumstances, where the means test may have been abused in some way, or finances may have been manipulated in order to pass the test.[3]

CONCLUSION

A debtor's actual ability to pay a portion of his unsecured debts may be considered as part of the totality of the

/ / / / /

/ / / / /

/ / / / /

---

[2] In re Pak, 343 B.R. 239, 241 (Bankr. N.D.Cal. 2006).

[3] I am not saying this because I find that abuse occurred in the present case, but merely to demonstrate the internal consistency of the statute.

MEMORANDUM OPINION - 4

circumstances of the debtor's financial situation under § 707(b)(3). The UST's motion for partial summary judgment is granted and the Debtors' motion is denied.

*[signature]*

FRANK R. ALLEY, III
Bankruptcy Judge

MEMORANDUM OPINION - 5